UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| FREEPLAY MUSIC, LLC, | | **ANSWER TO COMPLAINT WITH COUNTERCLAIMS** |
| | PLAINTIFF, | |
| v. | | |
| OPTIPRO SYSTEMS, LLC, | | DOCKET NO.: 15-CV-4627-ER |
| | DEFENDANT. | **JURY TRIAL DEMANDED** |

Defendant OptiPro Systems, LLC ("OptiPro" or "Defendant") by its attorneys, Harter Secrest & Emery LLP, for its Answer to the Complaint of Freeplay Music, LLC ("Freeplay" or "Plaintiff"), dated June 15, 2015, hereby states as follows:

1.  Defendant denies the allegations contained in paragraph 1 of the Complaint and specifically denies any wrongdoing or unlawful conduct on its part.

2.  Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the Complaint.

3.  Defendant admits the allegations contained in paragraph 3 of the Complaint.

4.  Defendant neither admits nor denies the allegations contained in paragraph 4 of the Complaint, as said allegations amount to a legal conclusion.

5.  Defendant neither admits nor denies the allegations contained in paragraph 5 of the Complaint, as said allegations amount to a legal conclusion.

6.  Defendant neither admits nor denies the allegations contained in paragraph 6 of the Complaint, as said allegations amount to a legal conclusion. Defendant specifically denies any wrongdoing on its part and likewise denies that any harm has resulted to Plaintiff.

7.  Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in paragraph 8 of the Complaint. Defendant specifically states that, upon information and belief, Freeplay's current music download, payment and licensing process did not exist until in or around July 2013, which post-dates all times relevant to this action.

9. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint. Defendant specifically states that, upon information and belief, Freeplay's current music download, payment and licensing process did not exist until in or around July 2013, which post-dates all times relevant to this action.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint. Defendant specifically states that, upon information and belief, Freeplay's current music download, payment and licensing process did not exist until in or around July 2013, which post-dates all times relevant to this action.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint. Defendant specifically states that, upon information and belief, Freeplay's current music download, payment and licensing process did not exist until in or around July 2013, which post-dates all times relevant to this action.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant admits the allegations contained in paragraph 15 of the Complaint.

16. Defendant admits the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Complaint. To the extent a response is required, Defendant denies such allegations because, upon information and belief, Freeplay does not appear to be the owner of all of the listed works.

18. With regard to the allegations contained in paragraph 18 of the Complaint, Defendant states only that it used music downloaded from Plaintiff's website that it was led to believe and did believe that it could use for free and otherwise used videos provided to it by third parties. Defendant otherwise denies the allegations in paragraph 18 of the Complaint, and specifically denies any wrongful or unlawful conduct.

19. With regard to the allegations contained in paragraph 19 of the Complaint, Defendant states only that it used music downloaded from Plaintiff's website that it was led to believe and did believe that it could use for free and otherwise used videos provided to it by third parties. Defendant otherwise denies the allegations in paragraph 19 of the Complaint, and specifically denies any wrongful or unlawful conduct.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. With regard to the allegations contained in paragraph 21 of the Complaint, Defendant states only that it used music downloaded from Plaintiff's website that it was led to believe and did believe that it could use for free and otherwise used videos provided to it by third parties. Defendant otherwise denies the allegations in paragraph 21 of the Complaint, and specifically denies any wrongful or unlawful conduct.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. With respect to the allegations contained in paragraph 23 of the Complaint, Defendant admits only that prior to becoming a defendant in this action, it received several

baseless threats of alleged copyright infringement along with demands for payment from an entity purporting to act on behalf of Freeplay. Defendant specifically denies engaging in any wrongful or unlawful conduct.

24. With respect to the allegations contained in paragraph 24 of the Complaint, Defendant admits only that prior to becoming a defendant in this action, it received several baseless threats of alleged copyright infringement along with demands for payment from an entity purporting to act on behalf of Freeplay. Defendant specifically denies engaging in any wrongful or unlawful conduct. Furthermore, Defendant states that, without any admission of wrongdoing, it caused the allegedly infringing videos to be removed from public view prior to the point in time that this suit was brought, a fact known by Freeplay.

25. Defendant reincorporates its above responses as if they were fully set forth herein.

26. Defendant neither admits nor denies the allegations contained in paragraph 26 of the Complaint, as said allegations amount to a legal conclusion.

27. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28 of the Complaint. To the extent a response is required, said allegations are denied.

29. Defendant neither admits nor denies the allegations contained in paragraph 29 of the Complaint, as said allegations amount to a legal conclusion. To the extent a response is required, said allegations are denied.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32.   Defendant denies the allegations contained in paragraph 32 of the Complaint. Defendant specifically denies any infringement.

33.   Defendant denies the allegations contained in paragraph 33 of the Complaint. Defendant specifically denies any infringement.

34.   Defendant denies the allegations contained in paragraph 34 of the Complaint.

35.   Defendant denies any allegation of the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

36.   Freeplay's Complaint fails to state a claim upon which relief may be granted.

37.   Some or all of Freeplay's claims are barred by the applicable statute of limitations.

38.   Freeplay's claims are barred, in whole or in part, by the doctrine of unclean hands.

39.   Freeplay's claims are barred, in whole or in part, by the doctrines of waiver, estoppel and/or ratification.

40.   Freeplay's claims are barred, in whole or in part, as a result of an actual or implied license.

41.   Freeplay's claims are barred, in whole or in part, because of copyright misuse.

42.   Freeplay lacks standing inasmuch as it is not the owner of some or all of the alleged copyrights at issue.

43.   Music in the videos referenced in paragraph 18, subparagraphs (a), (b) and (h), of the Complaint was downloaded by a third-party, not Defendant.

## COUNTERCLAIMS and ADDITIONAL AFFIRMATIVE DEFENSES

44. Defendant's Counterclaims arise under Section 43(a) of the Lanham Act and N.Y. Gen. Bus. Law Sections 349 and 350.

45. The Court has subject matter jurisdiction over Defendant's Counterclaims arising under the Lanham Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over Defendant's claims arising outside of the Lanham Act pursuant to 28 U.S.C. §§ 1338 and 1367.

46. Venue is proper in this District under 28 U.S.C. § 1391.

47. The Court has personal jurisdiction over Freeplay because Freeplay does business in New York. Moreover, Freeplay waived any objection to personal jurisdiction by having commenced this action in this District.

48. Defendant's Counterclaims relate to Freeplay's unlawful and misleading representations, made during all times relevant to this lawsuit, that music available on its website was available for download and use by Defendant, and the public at large, at no cost.

49. Freeplay is the owner and operator of the freeplaymusic.com website.

50. At all times relevant to this suit, Freeplay engaged in a scheme to defraud the public. Specifically, Freeplay operated its business upon a model premised on enticing website visitors to download and use what Freeplay made them believe was "free" music on its website. After they did so, Freeplay attempted to strong-arm its targets into paying substantial sums to protect themselves from costly litigation involving baseless infringement claims, such as the ones asserted by Freeplay in this action.

51. Freeplay's intent to attract visitors to its website and then convince them that they could download and use music free of charge started with its very name: "Freeplay."

52. In furtherance of its fraudulent scheme, upon information and belief, Freeplay, through the use of misleading metadata and the expenditure of advertising costs, caused its website to appear at or near the top of website lists when individuals used the search term "free music" in internet search engines.

53. The music purchase, download and licensing process described in Freeplay's complaint, *see* paragraphs 8-14, was not in effect during any of the times relevant to this suit. Upon information and belief, Freeplay only began to use said process in or around July 2013.

54. At all times relevant to this suit, i.e., prior to July 2013, a visitor to Freeplay's website, such as Defendant, could download music files from the website with one simple click of a computer mouse.

55. At all relevant times, no shopping cart or other payment feature was used to collect payment from a website visitor in order to download music made available on Freeplay's website.

56. At all relevant times, payment of any kind was not a condition to downloading music available on Freeplay's website.

57. At all relevant times, in order to download music files, a visitor to Freeplay's website did not need to input any personal information, such as contact or billing information.

58. At all relevant times, no conditions needed to be accepted in order for a visitor to download music from Freeplay's website.

59. For example, a visitor's review and acceptance of Freeplay's purported terms and conditions was not even required to download music.

60. Using its website as a tool to intentionally deceive the public, Freeplay made several affirmative misrepresentations designed to lure unsuspecting website visitors, such as

Defendant, into believing that all music downloaded from Freeplay's website was, in fact, free to download and use.

61. Freeplay's misrepresentations included, but were not limited to, the following:

   a. Under the heading: "how can I obtain freeplay music library?," Freeplay stated as follows on its website: "Individual mp3 or AAC files can be downloaded directly from our web site, via key word search, genre, or just by searching or browsing CD Volumes. <u>Downloads and Previews are free</u>." (emphasis supplied).

   b. Under the heading: "Why is Freeplay Music different than other production music libraries?," Freeplay explained on its website that while "typically end users wanting the type of quality music represented in the Freeplay catalog would pay fees to the content owners and libraries known as synchronization or needledrops," Freeplay offered visitors "use and access to its content <u>free of any synchronization, needledrop or other upfront license fees</u>." (emphasis supplied).

   c. Under the question: "Does this include programming and advertising that I produce for international distribution?," Freeplay stated on its website as follows: "Absolutely. You're free to include Freeplay music in programming or advertising for distribution anywhere in the world."

   d. Freeplay claimed on its website that its "innovative patent-pending business model <u>eliminate[d] the need for the licensing agreements and fees</u> normally associated with music of [the quality available on its website]." (emphasis supplied).

62. All of the above misrepresentations were made by Freeplay and were contained on its website as of the date music was downloaded from Freeplay's website, which music was included in the allegedly infringing videos referenced in Freeplay's Complaint.

63. In an attempt to capitalize on its fraudulent scheme, Freeplay has asserted baseless copyright infringement claims in dozens of lawsuits and, upon information and belief, in other instances where Freeplay's targets were forced to settle rather than defend themselves in costly litigation.

## FIRST COUNTERCLAIM (Lanham Act)

64. Defendant repeats and re-alleges the allegations in paragraphs 44 through 63 as if fully set forth herein.

65. Freeplay made false, deceptive and misleading descriptions and representations of fact in its commercial advertising concerning the nature, characteristics and qualities of its goods, services and commercial activities, in violation of Section 1125(a)(1)(B) of the Lanham Act.

66. As set forth more fully above, Freeplay's false, deceptive and misleading statements regarding its "free" music deceived Defendant, as well as other members of the general public, into believing that the music available on Freeplay's website was, in fact, free for download and use.

67. Defendant has been harmed by Freeplay's deceptive conduct. Specifically, Freeplay's conduct directly and proximately resulted in the following, all of which would not have been incurred but for Freeplay making misrepresentations as part of a fraudulent scheme:

    a. A loss of advertising and sales revenue, especially given that, without any admission of wrongdoing, Defendant was caused to remove the allegedly infringing videos, which served as advertisements, from public view;

    b. Damage to Defendant's reputation and goodwill, as Freeplay has publicly portrayed Defendant as a copyright infringer to its customers and suppliers; and

    c. Substantial legal fees.

68. Freeplay's conduct was intentional and willful and, under such circumstances, an award of punitive damages and attorneys' fees is appropriate.

### SECOND COUNTERCLAIM (N.Y. Gen. Bus. Law Section 349)

69. Defendant repeats and re-alleges the allegations in paragraphs 44 through 68 as if fully set forth herein.

70. As explained above, Freeplay engaged in a scheme to defraud the public at large into believing that all music available on its website was free to download and use.

71. The misrepresentations set forth above were materially misleading in that they confused consumers and led them to believe that all music available on Freeplay's website was, in fact, free to download and use.

72. Defendant has been proximately damaged by Freeplay's wrongful conduct and, as a result, is entitled to damages in an amount to be proven at trial.

73. Freeplay's conduct was intentional and willful and, under such circumstances, an award of punitive damages and attorneys' fees is appropriate.

## THIRD COUNTERCLAIM (N.Y. Gen. Bus. Law Section 350)

74. Defendant repeats and re-alleges the allegations in paragraphs 44 through 73 as if fully set forth herein.

75. As described above, Freeplay made false, deceptive and misleading statements regarding the "free" music available on its website.

76. Said false, deceptive and misleading statements constitute false advertising under N.Y. Gen. Bus. Law Section 350.

77. The misrepresentations set forth above were materially misleading in that they confused consumers and led them to believe that all music available for download on Freeplay's website was, in fact, free to download and use.

78. Defendant has been proximately damaged by Freeplay's wrongful conduct and, as a result, is entitled to damages in an amount to be proven at trial.

79. Freeplay's conduct was intentional and willful and, under such circumstances, an award of punitive damages and attorneys' fees is appropriate.

## FOURTH COUNTERCLAIM (FRAUD)

80. Defendant repeats and re-alleges the allegations in paragraphs 44 through 79 as if fully set forth herein.

81. As set forth specifically above, Freeplay made material misrepresentations of fact with the intent to convince the general public, including Defendant, that all of the music available on its website was available to download and use for free.

82. Freeplay knew at the time it made the misrepresentations that they were false.

83. At the time Freeplay made the misrepresentations, Freeplay specifically knew that after a visitor downloaded music from its website, it would attempt to extort licensing fees from the visitor that were not made a condition to the visitor's downloading of the music.

84. Defendant reasonably relied upon Freeplay's misrepresentations.

85. As a result of Freeplay's fraudulent conduct, Defendant has been proximately damaged and is therefore entitled to damages in an amount to be proven at trial.

86. Freeplay's conduct was intentional and willful and, under such circumstances, an award of punitive damages and attorneys' fees is appropriate.

**WHEREFORE**, Defendant respectfully requests that the Court:

a) Dismiss Plaintiff's Complaint, with prejudice;

b) On Defendant's First Counterclaim, award Defendant damages in an amount to be proven at trial, inclusive of punitive damages and attorneys' fees, plus interest;

c) On Defendant's Second Counterclaim, award Defendant damages in an amount to be proven at trial, inclusive of punitive damages and attorneys' fees, plus interest;

d) On Defendant's Third Counterclaim, award Defendant damages in an amount to be proven at trial, inclusive of punitive damages and attorneys' fees, plus interest;

e) On Defendant's Fourth Counterclaim, award Defendant damages in an amount to be proven at trial, inclusive of punitive damages and attorneys' fees, plus interest; and

f) Such other and further relief that is just and equitable.

Dated: July 27, 2015

Respectfully submitted,

Harter Secrest & Emery LLP

By: _s/ Kenneth W. Africano_
Kenneth W. Africano, Esq.
*Attorneys for Defendant OPTIPRO SYSTEMS, LLC*
Twelve Fountain Plaza, Suite 400
Buffalo, NY 14202-2293
Telephone: 716.853.1616
Email: kafricano@hselaw.com

To: Oren J. Warshavsky, Esq.
Tatiana Marktl, Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York  10111